IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BONITA Y.,[1] | Case No. 3:20-cv-00728-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | |
| Defendant. | |

ACOSTA, Magistrate Judge.

Bonita Y. ("Plaintiff") brings this appeal challenging the Commissioner of the Social Security Administration's ("Commissioner") denial of her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The court has jurisdiction to hear this appeal pursuant to 42 U.S.C. § 1383(c)(3), which incorporates the review provisions of 42 U.S.C. § 405(g). For the reasons explained below, the Commissioner's decision is affirmed.

\ \ \ \ \

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

*Standard of Review*

The district court may set aside a denial of benefits only if the Commissioner's findings are "'not supported by substantial evidence or [are] based on legal error.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "'more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. *Id.* Where the record as a whole can support either a grant or a denial of Social Security benefits, the district court "'may not substitute [its] judgment for the [Commissioner's].'" *Bray*, 554 F.3d at 1222 (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)).

*Background*

I. Plaintiff's Application

Born in 1974, Plaintiff was 37 years old on her alleged onset date of April 1, 2011. (Tr. 16, 153-54.) Plaintiff completed high school and has past relevant work as a teacher's aide working with special needs students. (Tr. 54.) She alleges disability due to cardiomyopathy, bilateral carpal tunnel syndrome (CTS), obesity, diabetes mellitus, and depression. (Tr. 153, 502.)

Plaintiff filed an application for DIB on June 1, 2016. (Tr. 151, 153-54.) The Commissioner denied Plaintiff's application initially and upon reconsideration. (Tr. 87, 93.)

PAGE 2 – OPINION AND ORDER

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and appeared and testified at a hearing held on November 8, 2018. (Tr. 34, 99, 961.) After the hearing, the ALJ issued a written decision dated February 22, 2019, denying Plaintiff's application for DIB. (Tr. 10.) The Appeals Council denied review on February 27, 2020, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-3.) Plaintiff now seeks judicial review of that decision.

II.     The Sequential Analysis

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is currently engaged in any substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant is capable of performing other work that exists in significant numbers in the national economy. *Id.* at 724-25. The claimant bears the burden of proof for the first four steps. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. *Id.*; *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987).

The Commissioner bears the burden of proof at step five of the sequential analysis, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett*, 180 F.3d at 1100. If the Commissioner fails to meet this burden, the claimant is disabled. *Bustamante*, 262 F.3d at 954 (citations omitted).

PAGE 3 – OPINION AND ORDER

III.   The ALJ's Decision

The ALJ applied the five-step sequential evaluation process to determine if Plaintiff is disabled. (Tr. 15-28.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since April 1, 2011, her alleged onset date. (*Id*.) At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: obesity, bilateral CTS, cardiomyopathy, and diabetes mellitus. (*Id*. 16.)

At step three, the ALJ concluded that Plaintiff did not have an impairment that meets or equals a listed impairment. (*Id*.) The ALJ then concluded that Plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations: she can lift and carry 20 pounds occasionally and 10 pounds frequently; sit for up to 6 hours in an 8-hour workday; stand and walk for 6 hours total in an 8-hour workday; push and pull as much as she could lift and carry; occasionally climb ramps and stairs; and can have no concentrated exposure to hazards such as unprotected heights, operate heavy machinery, or operate a motor vehicle. (*Id*. 18.)

At step four, the ALJ concluded that Plaintiff retained the RFC to perform her past work as a teacher aide, performed at the sedentary exertional level. (*Id*. 26.) At step five, the ALJ determined in the alternative that Plaintiff could perform a significant number of jobs in the national economy, including office helper, mail room clerk, and pricer. (*Id*. 27-28.) The ALJ therefore concluded that Plaintiff was not disabled. (*Id*. 28.)

*Discussion*

Plaintiff argues that the ALJ erred by (1) rejecting her subjective symptoms testimony, and (2) improperly evaluating the medical evidence.

I.   Subjective Symptom Testimony

The ALJ is required to provide specific, clear and convincing reasons for rejecting a claimant's testimony. *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014).

PAGE 4 – OPINION AND ORDER

At the administrative hearing, Plaintiff testified that prior to her date last insured, she struggled with walking for long periods, as well as walking uphill or climbing stairs. (Tr. 53-54.) She testified that over the past few years, her health conditions improved and then worsened cyclically. (*Id*. 52.) She stated that her work pace had decreased, and that stress and physical exertion led to exhaustion. (*Id*. 41.) She said she was unable to work due to her physical impairments, including obesity, CTS, cardiomyopathy, and diabetes. (*Id*. 20.)

The ALJ rejected Plaintiff's testimony regarding her symptoms and limitations, to the extent they conflicted with the RFC. (*Id*. 18.) The ALJ first noted that Plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms conflicted with her reports of daily activities. (*Id*. 19.) The ALJ may consider a claimant's daily activities in assessing his symptom testimony. 20 C.F.R. § 404.1529(c)(3)(i). Activities that are incompatible with the severity of alleged symptoms can support an ALJ's rejection of a claimant's testimony. *Ghanim v. Colvin,* 763 F.3d 1154, 1165 (9th Cir. 2014). Here, for example, Plaintiff was able to care for her young grandchild full-time only four months after her alleged onset date. (Tr. 297, 423.) Plaintiff was also able to work on her photography business and create "little sock monkeys" that she planned to sell at craft fairs. (*Id*. 426-27, 434, 449.) She was able to travel on a 2.5-week road trip to Texas in March 2012, and in early 2014 traveled to New Mexico to visit her son. (*Id*. 386, 430, 458.) From 2013 to 2016, Plaintiff worked as often as four days per week at a barn, where she performed medium-to-heavy-level activities, including pushing loaded wheelbarrows, performing leaf blowing, building a chicken coop, and cleaning horse stalls. (*Id*. 291, 349, 363, 383, 438, 452, 464, 489.) She also rode her bike for long distances, gardened, hiked in the redwoods, went zip-lining, and traveled to Costa Rico, Las Vegas, and the Carlsbad Caverns. (*Id*. 20, 265, 366, 472, 561, 970.)

PAGE 5 – OPINION AND ORDER

Plaintiff argues the ALJ improperly rejected her testimony based on this evidence, because she experienced fatigue after she performed activities such as hiking. (*Id*. 366). The court rejects this argument because it suggests that the ALJ determined Plaintiff could perform intense physical labor regardless of the consequences. On the contrary, the ALJ limited Plaintiff to light exertion work with additional limitations which, for example, she could climb stairs only occasionally. (*Id*. 18.) In his evaluation of Plaintiff's testimony, the ALJ reasonably inferred from her extensive and regular activities that she was less physically limited than she claimed. This conclusion served as a legally sufficient reason for rejecting Plaintiff's testimony. *Ghanim*, 763 F.3d at 1165. Because the ALJ's analysis was rational, he did not err by rejecting Plaintiff's testimony.

## II.     Medical Opinion Evidence

Plaintiff next argues that the ALJ improperly rejected the opinion of Aaron Schoenkerman, M.D., and Nathan Brooks, M.D. "There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009). "Where a treating or examining physician's opinion is contradicted by another doctor, the '[ALJ] must determine credibility and resolve the conflict.'" *Id*. (citation omitted). "An ALJ may only reject a treating physician's contradicted opinions by providing 'specific and legitimate reasons that are supported by substantial evidence.'" *Ghanim*, 763 F.3d at 1161 (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)).

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Garrison*, 759 F.3d at 1012 (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). Merely stating conclusions is insufficient: "The ALJ must do more than state

conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Id*. at 1012-13 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)).

In 2016, Plaintiff's treating cardiologist Dr. Schoenkerman wrote simply: "Limited work related to exertion and limited exercise to below the threshold inducing PVCs." (Tr. 344.) The ALJ assigned little weight to this opinion, explaining that Dr. Schoenkerman did not provide any specific functional limitations. (*Id*. 23.) The ALJ is not required to accept a medical opinion that is brief or conclusory. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Here, Dr. Schoenkerman stated his 2016 opinion vaguely and did not identify specific functional limitations. Further, by limiting Plaintiff to light exertion work, the ALJ reasonably formulated her RFC consistent with his interpretation of Dr. Schoenkerman's opinion. (Tr. 18.)

In May 2017, Dr. Schoenkerman opined that Plaintiff was able to stand and walk for 4 hours, with no sitting limitations. (*Id*. 891.) He found she had no limitations on reaching, handling, fingering, feeling, or pushing/pulling, restricted her to lifting and carrying 10 pounds occasionally and frequently, and predicted she would miss work about twice per month. (*Id*. 890-92.) The ALJ rejected Dr. Schoenkerman's 2017 opinion because he did not provide sufficient explanation or objective support for his conclusions. As noted, the ALJ may reject an opinion that is brief, conclusory, and inadequately supported by clinical findings. *Thomas*, 278 F.3d at 957. Here, for example, to support his opinion Plaintiff was limited in standing and walking, Dr. Schoenkerman simply wrote, "CHF" (congestive heart failure) without further explanation. (Tr. 891.)

PAGE 7 – OPINION AND ORDER

The ALJ also noted that Dr. Schoenkerman's opinion that Plaintiff would be absent from work about twice per month was based upon her subjective symptom testimony, which the ALJ properly rejected. The ALJ is entitled to reject a physician's opinion that is primarily based on a claimant's properly rejected self-reports. *Ghanim*, 763 F.3d at 1162. Here, Dr. Schoenkerman's findings regarding Plaintiff's physical abilities was largely based on her reports about her reactions, such as shortness of breath, to physical activities. (Tr. 344, 898-99.) As discussed above, the ALJ provided a clear and convincing reason to reject Plaintiff's subjective symptom testimony. On this record, the ALJ provided legally sufficient reasons for rejecting both Dr. Schoenkerman's 2016 and 2017 opinions. *Ghanim*, 763 F.3d at 1162.

In 2017, Plaintiff's primary care provider Dr. Brooks opined that Plaintiff had a slight limitation in adapting and managing herself, minimal capacity to adapt to changes in her environment or to demands that were not already part of her daily life, and that she would miss four or more days of work per month. (Tr. 877-81.) Dr. Brooks indicated that Plaintiff would be incapable of even "low stress" jobs, and that she could stand and walk for 2 hours at a time and lift and carry only 10 pounds occasionally. (*Id*. 882.) Dr. Brooks also opined that Plaintiff should avoid all exposure to pulmonary irritants and hazards, and that she had been unable to work "at least since July 2015." (*Id*. 884-85.)

The ALJ assigned little weight to Dr. Brooks's opinion. (*Id*. 23-24.) He first noted Dr. Brooks failed to provide sufficient explanation for his findings and that his opinion was internally inconsistent. The ALJ may reject a medical opinion that is inconsistent with the provider's own clinical findings. *Thomas*, 278 F.3d at 957. Here, for example, Dr. Brooks's treatment notes consistently showed Plaintiff had normal gait throughout the alleged period of disability, and cardiology treatment records showed that her cardiomyopathy was stable. (Tr. 24, 342-503, 894-

915.) The ALJ reasonably determined that Dr. Brooks's treatment notes conflicted with his finding that Plaintiff could stand and walk only two hours at a time. Further, Dr. Brooks assessed only mild mental limitations and only "slight limitation" in Plaintiff's ability to adapt and manage herself. The ALJ again reasonably determined that these findings contradicted Dr. Brooks's conclusion that Plaintiff was incapable of "low stress" jobs and had "minimal capacity to adapt to changes." (*Id*. 23-24.) On this record, the ALJ provided a legally sufficient reason to reject Dr. Brooks's internally inconsistent opinion. *Thomas*, 278 F.3d at 957.

The ALJ also noted that Dr. Brooks's opinion conflicted with the weight of the longitudinal record. Plaintiff's robust activities, discussed above, contradicted Dr. Brooks's opinion that she experienced severe physical limitations. (*Id*. 24.) Medical evidence of her normal gait, stable cardiomyopathy, and full upper extremity strength also contradict Dr. Brooks's assessment of her physical impairments and limitations. (*Id*. 342-409, 410-503, 894-915.) In sum, the ALJ provided clear and convincing reasons for rejecting Dr. Brooks' opinion. Valentine, 574 F.3d at 692.

*Conclusion*

For the reasons stated, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 26th day of July, 2021.

                                                                                    JOHN V. ACOSTA
                                                                                    United States Magistrate Judge